James A. HOLT, Petitioner,

v.

George A. ENGLAND, Director, Department
of Motor Vehicles of the District
of Columbia, Respondent.

No. 3342.

District of Columbia Court of Appeals.

Argued Dec. 2, 1963.

Decided Dec. 20, 1963.

Stanley M. Dietz, Washington, D. C., for petitioner.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Petitioner was acquitted in the Court of General Sessions of a charge of operating a motor vehicle while under the influence of intoxicating liquor. Thereafter he was summoned before a hearing officer of the District of Columbia Department of Motor Vehicles, and after a hearing his operator's permit was revoked on a finding by the hearing officer that petitioner operated a motor vehicle while "under the influence of intoxicating liquor, urinalysis—.27."

In the course of the hearing, in addition to the testimony of the arresting officer, evidence of the result of a urinalysis taken shortly after the arrest was received in evidence. Since the time of the hearing we have ruled in Lister v. England, Director of Motor Vehicles of the District of Columbia, D.C.App., 195 A.2d 260, that in an administrative hearing the result of a urinalysis is not admissible without testimony of an expert qualified to interpret such result, because the statutory presumption is expressly limited in its application to the trial for certain specified offenses in a court of competent jurisdiction. There was no such expert testimony in this hearing and the urinalysis result was not admissible.

The government argues that the testimony of the officer was sufficient to sustain the finding and that admission of the urinalysis result was harmless error. We

cannot agree. The reference in the finding to the urinalysis clearly indicates that it was given weight by the hearing officer in reaching his ultimate finding.

The order of revocation is set aside.